IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENDALL LESHAWN MARTIN,<br>    Petitioner, | Civil Action No. 7:12-cv-00048 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Respondent. | By:   Hon. Michael F. Urbanski<br>        United States District Judge |

Kendall Leshawn Martin, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner argues that the sentence imposed by the United States District Court for the Western District of North Carolina is unconstitutional as a result of legal holdings by the United States Supreme Court and the Court of Appeals for the Fourth Circuit. Petitioner is presently confined at a correctional facility within this district. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, the court finds that petitioner fails to demonstrate an entitlement to relief via § 2241 and dismisses the petition without prejudice.

I.

On September 10, 2002, petitioner was indicted with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Petitioner pleaded guilty to that count, and on October 25, 2004, the United States District Court for the Western District of North Carolina sentenced petitioner to, inter alia, 120 months' imprisonment. The Court of Appeals for the Fourth Circuit affirmed the conviction on direct review. United States v. Martin, No. 04-4982,

---

[1] Petitioner alternatively labels the petition pursuant 28 U.S.C. § 1651, but he does not discuss any elements for relief or any basis to exercise jurisdiction via § 1651. Accordingly, the court declines to liberally construe the § 2241 petition as arising under § 1651.

slip op. at *4 (4th Cir. Mar. 10, 2006). Petitioner has not filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

Petitioner instituted this § 2241 habeas action to challenge the conviction. Petitioner relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), to argue that a prior felony conviction entered by a North Carolina court cannot constitute a felony to support the § 922(g) conviction, petitioner is legally innocent of the § 922(g) conviction, and petitioner should be released from custody.

**II.**

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [a convict's] detention." 28 U.S.C. § 2255(e). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a convict satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his imposed federal sentence via § 2241. Petitioner has not filed a first § 2255 motion and, thus, cannot establish the second element of In re Jones. The fact

2

that a new § 2255 motion may be time barred does not make § 2255 review "inadequate" or "ineffective," especially since federal courts may equitably toll the statute of limitations. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010) (affirming that equitable tolling applies to the Antiterrorism and Effective Death Penalty Act of 1996); United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (applying the equitable tolling test to a § 2255 motion). Accordingly, petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of the conviction, petitioner's claim cannot be addressed via § 2241, and the petition must be dismissed.

## III.

For the foregoing reason, the court dismisses the § 2241 petition without prejudice because petitioner fails to demonstrate that he is entitled to relief.

The Clerk shall send copies of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: June 1, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge